[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER REGARDING MOTION TO DISMISS (#104)
The plaintiff instituted a mandamus action against the mayor of Middletown and the common council of Middletown on January 19, 2001. The plaintiff served the town clerk. On February 8, 2001, the defendants brought a timely motion to dismiss for failure to properly serve the mayor and the common council. The mayor and common council argued that the plaintiff must personally serve the mayor and each individual member of the common council, pursuant to General Statutes § 52-494. The court denied the motion without prejudice on April 20, 2001.
On July 9, 2001, the court granted the defendants' motion to reargue, pursuant to a full briefing of the issue. Both the plaintiffs and defendants' council represented that they could find no Connecticut CT Page 10392 decisional law discussing who is the proper party to serve in a mandamus action.
The court finds, however, that the plaintiff must serve the mayor individually and the individual members of the common council or its presiding officer. Norwalk and South Norwalk Electric Light Co. v. TheCommon Council of the City of South Norwalk, 71 Conn. 381, 391, 42 A. 82
(1899). Unless the plaintiff serves the mayor individually and the individual members of the common council or its presiding officer within thirty days of the date of this order, the court shall grant the motion to dismiss.
It is so ordered.
By the court
GILARDI, J.